IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JANICE WILLIAMS, et al., | : | |
| Plaintiffs, | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:09-CV-3630-RWS |
| ROLAND K. BOEHRER, et al., | : | |
| Defendants. | : | |

## **ORDER**

This case comes before the Court on Defendant Kimbrough's Motion to Dismiss [2], Plaintiffs' Motion to Amend [5] and Plaintiffs' Motion to Remand to State Court [6]. After a review of the record, the Court enters the following Order.

**I. Factual Background**

Plaintiffs filed this suit in the State Court of Clayton County, bringing 42 U.S.C. §1983 claims against Defendants Boehrer and Threat in their individual capacity, and against Defendant Kimbrough in his official capacity as Clayton County Sheriff. Additionally, Plaintiffs brought wrongful death actions against

Defendants Boehrer and Threat.[1]  (See Plaintiffs' Complaint, Dkt. No. [1-1]). On December 28, 2009, Defendants removed this case to federal court pursuant to 42 U.S.C.§ 1441and the Court's original jurisdiction over the §1983 claims. (Notice of Removal, Dkt. No. [1] at 3).  Defendant Kimbrough then filed a Motion to Dismiss the § 1983 claim as applied to him in his official capacity. (Motion to Dismiss, Dkt. No. [2]).

On January 13, 2010, Plaintiffs moved to remand this case to the state court due to procedural defects in Defendants' notice of removal. (Dkt. No. [5]). Alternatively, Plaintiffs requested that this Court grant Plaintiffs' Motion to Amend to voluntarily dismiss without prejudice the §1983 claims and remand to state court based on lack of subject-matter jurisdiction. (Dkt. No. [6]).

**II. Discussion**

A. Plaintiffs' Motion to Remand

Plaintiff moves this Court to remand this case due to procedural defects in Defendants' notice of removal.  According to 28 U.S.C. § 1446(a), "[a] defendant . . . desiring to remove any civil action . . . from a State court

---

[1]Plaintiffs have subsequently clarified that they were only pursuing §1983 claims against Defendant Kimbrough in his official capacity–not wrongful death. See Plaintiffs' Brief in Response to Defendant Kimbrough's Motion to Dismiss, Dkt. No. [8] at 11-12.

2

shall file in the district court . . .a short and plain statement of the grounds for removal, together with a copy of all *process,* pleadings , and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a) (emphasis added).

Plaintiffs allege, and Defendants admit, that the individual summons for Defendants Threat and Boehrer were not attached to the notice of removal. Plaintiffs' argue that such a defect is a jurisdictional bar for this Court. However, the Eleventh Circuit recently stated that " . . . the failure to include all state court pleadings and process with the notice of removal is procedurally incorrect but is not a jurisdictional defect." Cook v. Randolph Cnty., 573 F.3d 1143, 1150 (11th Cir. 2009) (emphasis added). Because Plaintiffs attached all of the documents at issue as Exhibits to their Motion to Remand, that procedural defect has been cured. Therefore, Plaintiffs' Motion to Remand to State Court [6] is **DENIED**.

B. Motion to Amend

Alternatively, Plaintiffs ask that the Court voluntarily dismiss without prejudice Plaintiffs' §1983 claims and remand the case to the state court due to

AO 72A
(Rev.8/82)

lack of subject-matter jurisdiction. Federal Rule of Civil Procedure Rule 15(a) states:

> (1) **Amending as a Matter of Course**. A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

FED. R. CIV. PRO. 15.

Defendants' Notice of Removal, and thus Plaintiffs' Complaint, was filed December 28, 2009.  Plaintiffs filed their Motion to Amend on January 13, 2010–within the 21 day window.  Therefore, Plaintiffs amended their complaint and removed their §1983 claims as a matter of right; this Court's permission was not required.  Additionally, such amendment rendered Defendant Kimbrough's Motion to Dismiss [2] **MOOT** as Plaintiffs voluntarily dismissed all claims against him.

However, Plaintiffs' amendment to remove their "arising under" federal claims does not bar this Court's jurisdiction over Plaintiffs' supplemental state-law claims.  In Pintando v. Miami-Dade Housing Agency, 501 F.3d 1241 (11th Cir. 2007), the Eleventh Circuit made clear that "the district court must look at

the case at the time of removal to determine whether it has subject-matter jurisdiction. Later changes to the pleadings do not impact the court's exercise of supplemental jurisdiction." Id. at 1243 n.2.  Further, the Eleventh Circuit and the Supreme Court have noted that "removal cases raise forum-manipulation concerns that simply do not exist when it is the plaintiff who chooses a federal forum and then pleads away jurisdiction through amendment." Id. citing Rockwell Int'l Corp. v. United States, 549 U.S. 457, 473 n.6 (2007).

      Defendants raise valid arguments regarding the clear forum shopping in this case.  This Court had jurisdiction when the notice of removal was filed as the §1983 claims were plead.  Yet, Plaintiffs have since raised alternative arguments with the clear purpose of having this Court remand this case to the state court. Because Plaintiffs amended their complaint without prejudice, nothing would stop Plaintiffs from completing discovery in the state court only to ultimately amend and add the same federal claims–including the claim in which Defendant Kimbrough has already raised his Motion to Dismiss.  Such action would be prejudicial to the Defendants and is exactly the concern that the Supreme Court expressed in Rockwell.  Therefore, Plaintiffs' Motion to Amend

is **GRANTED** to the extent Plaintiffs' have a matter of right to amend their complaint, but **DENIED** as applied to their removal request.

### III. Conclusion

In sum, Plaintiffs' Motion to Remand to State Court [6] is **DENIED** and their Motion to Amend [5] is **GRANTED, in part** and **DENIED, in part**. Additionally, due to Plaintiffs' Motion to Amend, Defendant Kimbrough's Motion to Dismiss [2] has been rendered **MOOT**.

**SO ORDERED** this  28th  day of September, 2010.

_____
**RICHARD W. STORY**
United States District Judge

6